IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DARRYL LAWRENCE,                           No. C-09-3795 TEH (PR)

    Petitioner,

    v.                                     ORDER TO SHOW CAUSE

JOHN HAVILAND, Warden,

    Respondent.

_____/

Petitioner, a state prisoner incarcerated at Pelican Bay State Prison in Crescent City, California, has filed a pro se Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 challenging a judgment of conviction from Alameda County Superior Court.  Doc. #1.  Petitioner has paid the $5.00 filing fee.

I

According to the Petition, on October 14, 2005, Petitioner was sentenced to nineteen years and eight months in state prison following his no-contest plea in Alameda County Superior Court to various crimes including assault with a deadly weapon and shooting

at an inhabited dwelling. Petitioner filed habeas petitions in the state superior and appellate courts challenging the judgment, all of which were denied. On July 22, 2009, Petitioner filed the instant federal Petition for a Writ of Habeas Corpus. Doc. #1.

II

This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." Id. § 2243.

Petitioner seeks federal habeas corpus relief by alleging that his sentence is unconstitutional because the facts supporting his upper term sentence on the assault with a deadly weapon charge were not presented to a jury to be proven beyond a reasonable doubt in violation of Cunningham v. California, 549 U.S. 270 (2007). Liberally construed, Petitioner's claim appears cognizable under § 2254 and merits an Answer from Respondent. See Zichko v. Idaho, 247 F.3d 1015, 1020 (9th Cir. 2001) (federal courts must construe pro se petitions for writs of habeas corpus liberally); see also Butler v. Curry, 528 F.3d 624, 639 (9th Cir. 2008) (Cunningham may be applied retroactively on collateral review); In re Gomez, 45 Cal. 4th 650, 660 (Cal. 2009) (Cunningham applies to any California case in which the judgment was not final at the time the decision in Blakely v.

2

<u>Washington</u>, 542 U.S. 296 (2004), was issued).

**III**

For the foregoing reasons and for good cause shown,

1. The Clerk shall serve by certified mail a copy of this Order and the Petition, and all attachments thereto, on Respondent and Respondent's attorney, the Attorney General of the State of California. The Clerk also shall serve a copy of this Order on Petitioner.

2. Respondent shall file with the Court and serve on Petitioner, within sixty (60) days of the issuance of this Order, an Answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the Answer and serve on Petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the Petition.

If Petitioner wishes to respond to the Answer, he shall do so by filing a Traverse with the Court and serving it on Respondent within thirty (30) days of his receipt of the Answer.

3. In lieu of an Answer, Respondent may file a Motion to Dismiss on procedural grounds, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an Opposition or Statement of Non-Opposition within thirty (30) days of receipt of the motion, and Respondent shall file with the Court and serve on Petitioner a Reply

3

within fifteen (15) days of receipt of any Opposition.

       4.   Petitioner is reminded that all communications with the Court must be served on Respondent by mailing a true copy of the document to Respondent's counsel.  Petitioner also must keep the Court and all parties informed of any change of address.


       IT IS SO ORDERED.

DATED    01/27/10                  /s/ Thelton E. Henderson
                                   **THELTON E. HENDERSON**
                                   United States District Judge

G:\PRO-SE\TEH\HC.09\Lawrence-09-3795-osc.wpd