IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

```
DARRYL LAWRENCE,            )   No. C-09-3795 TEH (PR)
                            )
       Petitioner,          )   ORDER GRANTING RESPONDENT'S
                            )   MOTION TO DISMISS THE PETITION
   v.                       )   AS UNTIMELY; DENYING
                            )   CERTIFICATE OF APPEALABILITY
JOHN HAVILAND,              )
                            )
       Respondent.          )   (Doc. #8)
_____)
```

Petitioner, a California prisoner proceeding pro se, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Doc. #1. On January 28, 2010, the Court ordered respondent to show cause why the petition should not be granted. Doc. #7. Respondent has moved to dismiss the petition as untimely. Doc. #8. Petitioner has filed an opposition. Doc. #11. Respondent has not filed a reply. Having reviewed the papers and the underlying record, the Court concludes that the petition is untimely, GRANTS respondent's motion to dismiss, and DISMISSES the petition.

I

On October 14, 2005, petitioner was sentenced to nineteen years, eight months in state prison following his plea in Alameda County Superior Court to various crimes including assault with a deadly weapon and shooting at an inhabited dwelling.  Doc. #1 at 1; Doc. #8 at 2.  Although it is unclear from the record, it appears that, pursuant to the plea agreement, petitioner waived his right to appeal.[1]  Id.  The judgment of the trial court thus became final on December 13, 2005, sixty days after entry of judgment.  See Cal. Rule of Court 8.308(a).

On May 23, 2006, petitioner sought habeas relief in the state superior court, which that court denied on June 2, 2008. Doc. #1 at 30.  On June 13, 2008, petitioner sought habeas relief in the state appellate court, which that court summarily denied on October 6, 2008.  Id. at 31.

On December 4, 2008, petitioner attempted to file in the California Supreme Court a petition for review from the appellate court's denial of his habeas petition.  Doc. #1 at 32.  On December 12, 2008, the Court declined to consider the petition, explaining that because it had not been filed within 30 days of the appellate court's denial, as required by rule 8.264 of the California Rules of Court, the court lacked jurisdiction over the matter.  Id.

More than seven months later, on July 22, 2009, petitioner filed the instant federal petition.  Doc. #1.

---

[1] Although petitioner claims he appealed the judgment in the state appellate court and California Supreme Court, see Doc. #1 at 2, it appears petitioner is referring to habeas petitions he filed in the state superior and appellate courts, all of which were denied.  See id. at 30-32.

2

II

A

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") became law on April 24, 1996 and imposed for the first time a statute of limitations on petitions for a writ of habeas corpus filed by state prisoners. Petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest of the dates on which: (1) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (2) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (3) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (4) the factual predicate of the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1)(A)-(D). Time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the one-year time limit. 28 U.S.C. § 2244(d)(2).

As noted above, petitioner's conviction became final on December 13, 2005. Thus, pursuant to 28 U.S.C. § 2244(d)(1)(A), AEDPA's one-year limitation period began to run the following day, and expired one year later, on December 14, 2006. See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001) (period of statutory tolling is calculated according to the general rule for counting time in federal courts, Rule 6(a) of the Federal Rules of Civil Procedure, i.e., "the day of the event that triggers the period"

3

shall be excluded from the one-year limitation period). The instant petition was filed over two years later, on July 22, 2009. Doc. #1. Therefore, as petitioner concedes, <u>see</u> Doc. #11 at 1, absent tolling, the instant petition is untimely.

B

Section 2244(d)(2) tolls the one-year limitation period for the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). An application for review remains "pending" in state court until it has achieved final resolution through the State's post-conviction procedures. <u>Carey v. Saffold</u>, 536 U.S. 214, 220 (2002). A state habeas petition is not "properly filed," however, and thus does not toll the limitation period, if it is filed after a state-imposed time limit. <u>Pace v. DiGuglielmo</u>, 544 U.S. 408, 417 (2005); <u>Bonner v. Carey</u>, 425 F.3d 1145, 1148-49 (9th Cir. 2005).

Here, petitioner's filing of his first state habeas petition in superior court on May 23, 2006, tolled the AEDPA statute of limitations. At the time of tolling, 160 days of the limitation period had elapsed. The statute remained tolled from June 2, 2006 through June 13, 2006 – the reasonable interval of time between the superior court's denial and petitioner's filing of his petition in the appellate court – as well as until that court issued its denial on October 6, 2008. <u>See</u> <u>Carey</u>, 536 U.S. at 221-23. But because the California Supreme Court refused to consider petitioner's December 4, 2008, petition for review on timeliness grounds, that petition did not toll the statute of

limitations.  See Pace, 544 U.S. at 414 ("When a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)") (alteration in original) (quoting Carey, 536 U.S. at 226).  Accordingly, statutory tolling ended on October 6, 2008, when the appellate court's denial became final.  See Cal. R. Ct. 8.387(b)(2)(A) (denial of a state habeas petition in the state appellate court without issuance of order to show cause is final upon filing).  Petitioner had 205 days from this date to file his petition in federal court.  Petitioner instead waited 289 days, and did not file the instant petition until July 22, 2009.

In total, 449 days have run since the AEDPA statute of limitations was triggered; the one-year statute therefore is exceeded by 84 days.  The petition is untimely.

III

The Supreme Court has determined that AEDPA's statute of limitations is subject to equitable tolling in appropriate cases. Holland v. Florida, 130 S. Ct. 2549, 2560 (2010).  In Holland, the Supreme Court relied on the standard set forth in its earlier decision in Pace, that "made clear that a 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland, 130 S. Ct. at 2562 (quoting Pace, 544 U.S. at 418).  The diligence required to establish entitlement to equitable tolling is "reasonable diligence."  Holland, 130 S. Ct. at 2565.

The Ninth Circuit has held that the petitioner bears the

burden of showing that "'extraordinary circumstances' were the cause of his untimeliness."  Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003) (citations omitted).  Where a prisoner fails to show "any causal connection" between the grounds upon which he asserts a right to equitable tolling and his inability to file a federal habeas application in a timely fashion, the equitable tolling claim will be denied.  See Gaston v. Palmer, 417 F.3d 1030, 1034–35 (9th Cir. 2005).

Petitioner claims that he was late to file his habeas petition with the California Supreme Court, and thus was denied statutory tolling of his federal petition, "as a result of inmate lock down in administration segragation [sic]."  Doc. #1 at 2.  This statement, without more, however, is insufficient to justify equitable tolling on this basis.  Petitioner neither specifies dates, nor provides documentary evidence of the alleged lockdown.  It is therefore impossible to determine whether petitioner acted with reasonable diligence in pursuing his state court remedies.

Moreover, petitioner's vague claim regarding lockdown is insufficient to demonstrate extraordinary circumstances warranting equitable tolling.  The Ninth Circuit in Espinoza-Matthews v. California, 432 F.3d 1021 (9th Cir. 2005), held that a prisoner kept in administrative segregation for eleven months had demonstrated extraordinary circumstances where he was denied access to his legal papers throughout that time, despite his repeated requests for the papers.  Petitioner, by contrast, proffers only a one-line assertion that his placement in administrative segregation for some unspecified period entitles him to equitable tolling.  He does not explain whether his stay in administrative segregation

1  lasted from the time the appellate court denied his appeal in
2  October 2008, until the time he ultimately filed for review in the
3  California Supreme Court in December 2008.  Nor does he claim to
4  have been denied access to his legal file or to legal research
5  materials during his segregation.  Petitioner's bare assertion
6  fails to establish a connection between his time in lockdown and
7  his inability to file in a timely fashion; he therefore is not
8  entitled to equitable tolling.

## IV

Because petitioner is not entitled to statutory or equitable tolling, his federal habeas petition is untimely. Respondent's motion to dismiss is GRANTED and the petition is DISMISSED with prejudice.  The Clerk shall terminate any pending motions as moot, enter judgment in favor of Respondent and close the file.

Further, a certificate of appealability is DENIED. Petitioner has not shown "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right [or] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Slack v. McDaniel, 529 U.S. 473, 484 (2000).

IT IS SO ORDERED.

DATED     _03/08/2011_                    _____
                                          THELTON E. HENDERSON
                                          United States District Judge

G:\PRO-SE\TEH\HC.09\Lawrence-09-3795-grant mtd.wpd

**7**